MELTON, Justice,
concurring in part and dissenting in part.
While I agree with Divisions 1 and 2 of the majority opinion, I must respectfully dissent from Division 3. My problem is not with the majority’s analysis in Division 3, but with the fact that the trial court employed none of this analysis when it decided, contrary to the terms of the parties’ Redemption Agreement, that Bagwell and the Trammels were each entitled to one-half of the net sales proceeds from the sale of the Etowah Ventures property. Following the closing on the property, there was a subsequent meeting of the minds between the parties, consummated in a Redemption Agreement. The Redemption Agreement called for a 70/30 split in the sales proceeds from the sale of the Etowah Ventures property, rather than a 50/50 split as was imposed by the trial court. There is no question as to the validity of the parties’ contract. Therefore, it is the key document to be considered with respect to the division of sales proceeds from the sale of the Etowah Ventures property. However, the trial court provided no analysis at all in its final order regarding the impact of the Redemption Agreement on the division of proceeds from the sale of the Etowah Ventures property. That being the case, we have no way of knowing whether the trial court actually engaged in the necessary analysis to reach the result that it did here. I therefore do not believe that we can affirm the trial court’s decision on the grounds stated by the majority. I believe that we must vacate the trial court’s order and remand this case to the trial court with the direction that it analyze the impact of the Redemption Agreement on its equitable partition decision.
The trial court’s decision to completely omit any actual analysis relating to the Redemption Agreement in its final order on the bench trial in this case is troubling, especially when one considers that the trial court itself recognized the importance of this agreement in its order on the Trammels’ motion for summary judgment:
[O]n August 31, 2002, Bagwell [and the Trammels] entered into [an] Agreement of Redemption of Joint Venture Interests (hereinafter “Redemption Agreement”). The purpose of *880 the Redemption Agreement was to “conclusively establish their respective interests in Etowah Ventures by mutually adopting a formula and program of redemption which settles any and all issues between the parties and provides for a self effectuating dissolution” in the future of Etowah Ventures. The parties to the Redemption Agreement stated . . . that upon the sale of the properties, the parties would divide the proceeds based upon a distribution formula through Etowah Ventures.
The trial court then goes on in its summary judgment order to state:
Section Three of the Redemption Agreement is clear and unambiguous. It describes the self-effectuating dissolution of Etowah Ventures. It discusses the parties’ respective payment obligations. It refers to the earlier provisions within the Redemption Agreement describing the calculations of the parties’ shares of the closing moneys resulting from the sale of the property. Accordingly, there is no question as to the redemption process.
Despite the fact that there was “no question as to the redemption process,” and despite the fact that the Redemption Agreement allowed Bagwell to receive roughly 70% of the proceeds from any sale of the joint venture property and allowed the Trammels to receive roughly 30% of such proceeds, the trial court makes no mention of this legally binding contract in its final order on the bench trial in which it awards a 50/50 split of the sales proceeds to each of the parties. Even if we assume that, because the trial court referenced the Redemption Agreement in its prior summary judgment order, it must have also considered the Redemption Agreement in its final order, that still does not change the fact that the trial court engaged in absolutely no analysis in its final order to explain why the Redemption Agreement was no longer a factor that weighed in favor of a 70/30, rather than a 50/50, split of the sales proceeds from the sale of the Etowah Ventures property. Indeed, without such an analysis, the trial court’s final decision appears to run counter to its prior finding in its summary judgment order that there was “no question as to the [70/30] redemption process” under this “clear and unambiguous” agreement.
Worse still, through its ruling, the trial court has essentially nullified the legally binding Redemption Agreement. Specifically, now that the trial court has declared that a 50/50 split shall take place with respect to the sale of the Etowah Ventures property, that ruling *881 has become binding on the parties and Bagwell can do nothing to challenge it — despite the fact that he holds a valid legal agreement requiring a 70/30 split of the proceeds. At the very least, the trial court must offer some analysis as to why it would be authorized to basically ignore, and essentially nullify, the parties’ previously agreed to 70/30 split of sales proceeds in its ruling on equitable partition when it had previously ruled that there was “no question as to the [70/30] redemption process.” However, based on the trial court’s final order, it appears as though the trial court may have failed to consider the Redemption Agreement altogether. As a result, it cannot be conclusively said that the trial court did not abuse its discretion when it decided, contrary to the clear and unambiguous terms of the Redemption Agreement, that it was authorized to discount the agreement entirely and impose a 50/50 split on sales proceeds in a manner that runs directly contrary to the parties’ prior agreement.
Decided October 5, 2015 —
Reconsideration denied November 2, 2015.
George E. Butler II, for appellant.
Elrod & Elrod, Christopher D. Elrod; R. Thad McCormack, for appellees.
I would therefore vacate the trial court’s decision and remand this case for further proceedings.